UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE M. PIEKKOLA, Plaintiff, v. MICHAEL J. ASTRUE, Commissioner of Social Security, Defendant. | No. CV-07-3081-CI<br><br>ORDER GRANTING STIPULATED MOTION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. 405(g) |

BEFORE THE COURT is the parties' Stipulated Motion for remand of the above-captioned matter to the Commissioner for additional administrative proceedings. (Ct. Rec. 32). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8). After considering the stipulation of the parties,

**IT IS ORDERED** that the above-captioned case be **REVERSED** and **REMANDED** to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Appeals Council will direct an administrative law judge (ALJ) to:

1. Determine whether Plaintiff is under a disability when considering all of her impairments, including her drug addiction and alcoholism (DAA), following the sequential evaluation process

outlined in 20 C.F. R. §§ 404.1520 and 416.920. If Plaintiff is found not disabled, a determination as to whether the DAA is material is not needed. If Plaintiff is found disabled, a determination as to whether the DAA is material is necessary. In considering whether drug abuse and alcoholism is material, the ALJ must decide (a) which of the current physical and mental limitations upon which Plaintiff was found disabled would remain if the individual stopped using drugs and alcohol, and (b) pursuant to the sequential evaluation process, whether the remaining limitations would still be disabling. 20 C.F.R. §§ 404.1535 and 416.935.

2. Give further consideration to the treating and examining source opinions, including the opinion evidence provided by Teresa Lam, M.D., and Kirk Strosahl, Ph.D., pursuant to the provisions of 20 C.F.R. §§ 404. 1527 and 416.927(f), and *Social Security Ruling* 96-60. The hearing decision should provide rationale that explains the weight given to such opinion evidence and clearly articulate the reasons for such weight that correlates to the evidence of record. As appropriate, the ALJ may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statement about what Plaintiff can still do despite the impairments. 20 C.F.R. §§ 404.1512 and 416.912.

3. If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. *Social Security Rulings* 83-12 and 83-14. The hypothetical questions should reflect the specific capacity /limitations established by the record as a whole. The ALJ will ask the vocational expert to identify

examples of appropriate jobs and to state the incidence of such jobs in the national economy. 20 C.F.R. §§ 404.1566 and 416.966. Further, before relying on the vocational expert evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the DICTIONARY OF OCCUPATIONAL TITLES (DOT) and its companion publication, the Selected Characteristics of Occupations. *Social Security Ruling* 00-4p.

**IT IS FURTHER ORDERED:**

1. The parties' Stipulated Motion for Remand **(Ct. Rec. 32)** is **GRANTED**.

2. Judgment shall be entered for the **PLAINTIFF**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to enter this Order, forward copies to counsel, and thereafter shall close this file.

DATED June 19, 2008.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE